**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

ABBY MELANCON ET AL     CASE NO.  6:25-CV-00671

VERSUS         JUDGE DAVID C. JOSEPH

ELUI JONATHAN HERNANDEZ ET AL MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING AND ORDER

Before the Court are the MOTION TO COMPEL RULE 35 NEUROPSYCHOLOGICAL EXAMINATIONS AND TO CONTINUE TRIAL AND RELATED DEADLINES filed by Defendants Eliu Jonathan Hernandez and Oak Truck Lines, LLC [Doc. 31], and the PLAINTIFFS' MOTION TO CLARIFY OR CORRECT ORDER OF MAY 7, 2026 [Doc. 32] filed by Plaintiffs Abby Melancon and Charles Credeur.  For the reasons below, the PLAINTIFFS' MOTION TO CLARIFY OR CORRECT ORDER OF MAY 7, 2026 [Doc. 32] is DENIED, and the MOTION TO COMPEL RULE 35 NEUROPSYCHOLOGICAL EXAMINATIONS AND TO CONTINUE TRIAL AND RELATED DEADLINES [Doc. 31] is GRANTED with limitations as set forth below.

## Factual and Procedural Background

The subject of the instant suit is an automobile collision that occurred on March 16, 2024.  [Doc. 1-2 at ¶¶3-5].  Melancon and Credeur filed suit in state court on December 27, 2025, alleging, *inter alia*, injuries to their heads and brains along with mental and physical pain caused by the collision. [Doc. 1-2 at ¶¶10(a), 11(a)].  On May 15, 2025, Defendants removed the suit to this Court on the basis of diversity jurisdiction.  [Doc. 1].  On February 2, 2026, this Court issued a SCHEDULING ORDER setting the trial of this matter for November 30, 2026, and, in relevant part, setting the deadline for Defendants' expert reports and disclosures for May 18, 2026.  [Doc. 28 at p. 1].

On May 6, 2026, Defendants filed an UNOPPOSED MOTION TO EXTEND DEFENDANTS' EXPERT REPORT DEADLINE, representing without opposition that Plaintiffs had alleged neurological injuries and hired experts in support of those claims and requesting an extension of 30 days to obtain an expert responsive to Plaintiffs' claims. [Doc. 29]. The relevant proposed order stated, "IT IS HEREBY ORDERED that the deadline for Defendants' expert reports under Fed. R. Civ. P. 26(a)(2) be and is hereby continued from May 18, 2026 until June 17, 2026." [Doc. 29-1]. On May 7, 2026, this Court granted the motion by electronic order, ordering Defendants' expert report deadline "EXTENDED from May 18, 2026 to June 17, 2026." [Doc. 30].

On May 29, 2026, Defendants filed a MOTION TO COMPEL RULE 35 NEUROPSYCHOLOGICAL EXAMINATIONS AND TO CONTINUE TRIAL AND RELATED DEADLINES, representing that Plaintiffs had objected to Defendants' attempt to schedule a neuropsychological examination of Credeur on June 1, 2026, and a neuropsychological examination of Melancon on June 4 and 5, 2026. [Doc. 31 at ¶¶14-15].[1] Defendants sought an order compelling Plaintiffs' submission to and cooperation in scheduling the neuropsychological examinations. [*Id.* at ¶20].

On June 3, 2026, Plaintiffs opposed Defendants' motion to compel, representing that the medical examination Defendants seek to compel extends beyond matters placed in controversy. [Doc. 34-1 at p. 3-4]. Plaintiffs further represented that they have alleged mild traumatic brain injuries/post-concussion syndrome and are treated by a doctor who is not a neuropsychologist and whose evaluations are "grounded in clinical neurology and brain-injury medicine." [*Id.* at p. 4]. Defendants reportedly seek a 12-13 hour, two-day

---

[1] On June 17, 2026, Plaintiffs filed an UNOPPOSED MOTION FOR LEAVE TO SUBSTITUTE CORRECTED EXHIBIT 31-11 [Doc. 38], which was granted by electronic order on July 28, 2026 [Doc. 41]. The motion to compel [Doc. 31] is considered as amended.

neuropsychological examination. [*Id.* at p. 3]. Plaintiffs argue that Defendants have "failed to establish good cause for the scope, duration, methodology, and conditions they seek to impose." *Id.* Plaintiffs do not categorically refuse to cooperate with an independent medical examination with a neuropsychologist, [*Id.* at p. 24] but Plaintiffs seek to have the following limitations placed on the examinations:

> (1) The examination is limited to a single day, not to exceed three hours with breaks of at least 15 minutes per every 90 minutes of testing.
>
> (2) No less than 24 hours before the examination, Defendants must provide Plaintiffs' counsel with a written list of potential tests to be administered and a clinical justification for each instrument's inclusion in a mild TBI evaluation.
>
> (3) The examination must be limited to the five domains that Plaintiffs assert are genuinely in controversy: (a) attention and concentration; (b) new learning and short-term memory; (c) higher cognition and executive function; (d) emotional status; and (e) response validity.
>
> (4) No less than 24 hours before the examination, Defendants must disclose any performance and/or symptom validity instruments, the validated normative cutoffs to be applied, and a clinical justification for their use.
>
> (5) Plaintiffs must take their regularly prescribed medications the day of the examinations.
>
> (6) All raw test data, scoring protocols, norming tables, scoring sheets, and examiner notes must be produced to Plaintiffs' experts within 14 days of the examination.

[*Id.* at pp. 23-24]. The same day, Plaintiffs filed PLAINTIFFS' MOTION TO CLARIFY OR CORRECT ORDER OF MAY 7, 2026, seeking an order limiting the extension of Defendants' expert report deadline to allow Defendants to obtain only a neurological expert within the extended timeframe. [Doc. 32]. Defendants opposed the motion. [Doc. 33].

## Law & Analysis

### *Motion to Amend the Court's Order*

In support of their motion to amend the order extending Defendants' deadline to produce expert reports, Plaintiffs argue that they only consented to the motion for a continuance of such deadline under the impression that Defendants would obtain a

neurologist.  [Doc. 32].  The language of the proposed order attached to the motion for continuance merely extended the deadline without limitation.  [Doc. 29-1].  Plaintiffs consented to the motion and the proposed order attached thereto.  [Doc. 29].  The Court used the exact language of the proposed order in its May 7, 2026 Electronic Order.  [Doc. 30].

Under Federal Rule of Civil Procedure 54(b), an order that adjudicates fewer than all of the claims among all of the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b).  A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  The court should use the broad discretion afforded under Rule 54(b) sparingly "in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Hearne v. Kan. City S. Ry.*, 2015 WL 5708291 (W.D. La. 2015).  Here, Plaintiffs had the opportunity to object to Defendants' motion but made a strategic litigation decision to consent and seek modification of the May 7, 2026, Order based on their unwillingness to submit to the medical examinations as requested by Defendants.  The undersigned does not find sufficient cause to modify the Order.

### *Motion to Compel*

Independent medical examinations are authorized under Federal Rule of Civil Procedure 35.  A medical examination may be ordered under Rule 35 when the moving party shows "good cause" for the examination and the condition to be examined be "in controversy." *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047 at *2 (W.D. La.); *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).  Generally, courts liberally construe the rule in favor of granting discovery.  *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592 at *1 (W.D. La.) (citing *McClanahan v.*

*Transocean Offshore Int'l Ventures, Ltd.*, 2006 WL 2989243 at *2 (W.D. La.)).  Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts and depends on the circumstances underlying the request.  *Moore*, 142 F.R.D. at 135.  Because the standards established by Rule 35 are flexible, the resolution of the instant motion rests within the sound discretion of the trial court.  *Id.* (citing *Teche Lines v. Boyette*, 111 F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890 at *1 (E.D. La.). A party seeking an IME must generally satisfy two requirements: (1) the party's physical or mental condition must be in controversy; and (2) the moving party must show good cause as to why the motion should be granted.  *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990).

A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 106, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).  By alleging injuries to their heads and brains along with mental and physical pain caused by the collision, Plaintiffs place these injuries squarely in controversy.  [Doc. 1-2 at ¶¶10(a), 11(a)].  Here, Plaintiffs do not seek to evade submitting to an IME categorically, and do not argue that their alleged injuries to the head and brain or mental and physical pain are in controversy. Rather, Plaintiffs argue that the IME as requested by Defendants is unreasonable, and Plaintiffs seek to have limitations placed upon the IME.

   a.   *Time limitation*

The duration of an examination varies depending on the particulars of the examination, with courts approving examinations extending from three to fourteen hours. *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388 (S.D. Tex. 2013).  When faced with a

lack of specificity as to the anticipated length of time needed by the examiner, courts are reluctant to impose arbitrary time limitations on IME's, leaning in favor of discovery and expecting that the examining physician will conduct the examination within the time reasonably needed. *Id.* Where, as here, there is no claim that the expert chosen by defendant will abuse the proper purpose of the mental examination and no basis to conclude that the plaintiff's proposed time limitation will fit the circumstances of this case, courts have declined to impose such time limitations. The Court does not find good cause to impose the arbitrary time limitation proposed by Plaintiffs.

  *b.   Limitation of domains to be examined*

  Dr. Holcomb represents in an affidavit that his review of the deposition testimony, pleadings, and Plaintiffs' medical records led him to believe that Plaintiffs alleged ongoing traumatic brain injury, post-concussive syndrome, cognitive dysfunction, concentration difficulties, memory impairment, headaches, fatigue, dizziness, emotional symptoms, and diminished functioning. [Doc. 38-2]. Dr. Holcomb further represents that these allegations warrant neuropsychological testing of general intelligence, sensation and perception, motor and praxis functioning, new learning and memory, executive functioning and higher-level cognition, emotional functioning, and response validity and symptom validity. *Id.* Plaintiffs, on the other hand, argue that, because they allege only "mild TBI/post-concussion syndrome claims" they only place the following in controversy: attention and concentration, new learning and short-term memory, higher cognition and executive function, emotional status, and response validity. [Doc. 34-1 at pp. 4, 18]. Again, this Court is reluctant to place restrictions on the IME and leans in favor of discovery. Therefore, the Court does not find good cause to limit the domains to be tested as proposed by Plaintiffs.

*c.  Production of lists of potential tests and performance validity measures*

While the Court does not intend to intervene or limit the type of examination deemed necessary to render an opinion, Plaintiffs are entitled to notice of the types of tests or assessments will be administered.  Accordingly, **Defendants must provide Plaintiffs with an illustrative list of potential tests that may be performed so that they may understand the "universe of tests" to be conducted by 5:00 p.m. the day before the examinations**. The details of any listed potential test need not be provided so as to avoid any potential to invalidate the test results, and Defendants need not produce any information regarding performance validity measures to be used in the examination, as such production would necessarily hinder the efficacy of the measures.

*d.  Plaintiffs must take their regular medications*

This Court is not in a position to order medication.  Plaintiffs' medication regimens are matters to be decided by Plaintiffs' healthcare providers.

*e.  Production of raw data, scoring protocols, norming tables, scoring sheets, examiner notes*

**All raw data, scoring protocols, norming tables, scoring sheets, and/or examiner notes shall be produced to Plaintiffs' experts within 21 days of the completion of their respective IMEs.**

<u>**CONCLUSION**</u>

Considering the foregoing, it is hereby ORDERED that the PLAINTIFFS' MOTION TO CLARIFY OR CORRECT ORDER OF MAY 7, 2026 [Doc. 32] is DENIED, and the MOTION TO COMPEL RULE 35 NEUROPSYCHOLOGICAL EXAMINATIONS AND TO CONTINUE TRIAL AND RELATED DEADLINES [Doc. 31] is GRANTED, and that Defendant shall (1) provide Plaintiffs with an illustrative list of potential tests that may be performed so that they may understand the "universe of tests" to be conducted by 5:00 p.m. the day before the appointment, and (2)

produce all raw data, scoring protocols, norming tables, scoring sheets, and/or examiner notes to Plaintiffs' experts within 21 days of the completion of the Plaintiffs' respective IMEs.

SO ORDERED this 29th day of July, 2026, at Lafayette, Louisiana.

_____

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**